IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-02750-PAB-SBP

DANIA RUIZ-PARAMO,

    Plaintiff,

v.

AROMA360, LLC,

    Defendant.

---

# ORDER

---

This matter comes before the Court on Plaintiff Dania Ruiz-Paramo's Renewed Motion for Default Judgment Against Defendant [Docket No. 14].

## I.    BACKGROUND[1]

Defendant Aroma360, LLC ("Aroma360") is a limited liability company incorporated in the state of Florida with its principal place of business located at 2058 NW Miami Ct., Miami, Florida. Docket No. 1 at 2, ¶ 5. On December 25, 2023, plaintiff Dania Ruiz-Paramo purchased a gift card from Aroma360 with a face value of $1,000. *Id.* at 3, ¶ 13. Aroma360 sent this gift card to Ms. Ruiz-Paramo by email. *Id.* The gift card was a "general use pre-paid card" or "store pre-paid card" as defined by the Credit Card Accountability, Responsibility, and Disclosure Act of 2009 ("CCARDA") and the Electronic Fund Transfer Act ("EFTA") of 1978, 15 U.S.C. §§ 1693(a)–(r). *Id.*, ¶ 14.

---

[1] The Clerk of Court entered default on December 17, 2024. Docket No. 13. As a result, the well-pled allegations in plaintiff's complaint, Docket No. 1, are deemed admitted. *See Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003).

Regulation E under the CCARDA prohibits the sale of gift cards and general-use prepaid cards that expire within five years. *Id.* at 2, ¶ 11; *see also* 12 C.F.R. § 1005.20(e). The gift card Ms. Ruiz-Paramo purchased expired on March 31, 2024, less than five years after Aroma360 issued the card. Docket No. 1 at 3, ¶ 15. Ms. Ruiz-Paramo's gift card is less valuable than it would have been had the card not contained an expiration date within five years. *Id.* at 4, ¶ 19.

On October 4, 2024, Ms. Ruiz-Paramo filed suit in this case, bringing one claim of violating the CCARDA. *Id.* at 3–4, ¶¶ 12–20. Ms. Ruiz-Paramo seeks statutory damages of $1,000, "[r]eimbursement of her costs for the purchase of the gift card," and attorney's fees. *Id*. at 4–5. On November 4, 2024, Ms. Ruiz-Paramo served Kathy Collester, director of compliance for Eduard Kotlyarov, Jr., Aroma360's registered agent, at 433 Plaza Real Suite 375, Boca Raton, Florida. Docket No. 6. On December 17, 2024, the Clerk of Court entered default against Aroma360. Docket No. 13. That same day, Ms. Ruiz-Paramo filed the instant motion for default judgment. Docket No. 14.

## II.  LEGAL STANDARD

To obtain a judgment by default, a party must follow the two-step process described in Fed. R. Civ. P. 55. First, the party must seek an entry of default from the Clerk of the Court under Rule 55(a). Second, after default has been entered by the Clerk, the party must seek judgment under the strictures of Rule 55(b). *See Williams v. Smithson*, 57 F.3d 1081, 1995 WL 365988, at *1 (10th Cir. June 20, 1995) (unpublished table decision) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)).

The decision to enter default judgment is "committed to the district court's sound discretion." *Olcott*, 327 F.3d at 1124 (citation omitted). In exercising that discretion, the

2

Court considers that "[s]trong policies favor resolution of disputes on their merits." *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (quotation and citations omitted). "The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Id.* Default judgment protects a plaintiff against "interminable delay and continued uncertainty as to his rights." *Id.* at 733. When "ruling on a motion for default judgment, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Seme v. E&H Prof'l Sec. Co., Inc.*, No. 08-cv-01569-RPM-KMT, 2010 WL 1553786, at *11 (D. Colo. Mar. 19, 2010).

A party may not simply sit out the litigation without consequence. *See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983) ("[A] workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure. The threat of judgment by default serves as an incentive to meet this standard."). One such consequence is that, upon the entry of default against a defendant, the well-pleaded allegations in the complaint are deemed admitted. *See* 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2688.1 (4th ed., 2022 rev.). "Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Id*. A court need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.,* 291 F.3d 1227, 1232 (10th Cir. 2002). Although "[s]pecific facts are not necessary" in order to state a claim, *Erickson v. Pardus*, 551

3

U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), the well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (quotation and citation omitted).

To obtain a default judgment for a sum certain, the plaintiff must show the following by affidavit. First, that the party in default is (1) not a minor or an incompetent person, (2) is not in military service, and (3) has not made an appearance. D.C.COLO.LCivR 55.1(a)(1). Second, that the sum is certain or the sum can be made certain by computation. D.C.COLO.LCivR 55.1(a)(2). Additionally, the plaintiff must submit a proposed form of judgment that shows (1) the party in favor of whom judgment shall be entered, (2) the party against whom judgment shall be entered, (3) the sum certain amount consisting of the principal amount, prejudgment interest, and the rate of post judgment interest, and (4) the sum certain of attorney fees. D.C.COLO.LCivR 55.1(b).

## III. ANALYSIS

Before entering default judgment, the Court must determine whether it has subject matter jurisdiction over the case and personal jurisdiction over the defendant. *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997) (holding that "a district court must determine whether it has jurisdiction over

4

the defendant before entering judgment by default against a party who has not appeared in the case").

Ms. Ruiz-Paramo states that the Court has subject matter jurisdiction over this action under 15 U.S.C. § 1693m(g). Docket No. 14 at 2. Section 1693(m)(g) states that, "[w]ithout regard to the amount in controversy, any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." 15 U.S.C. § 1693m(g). Pursuant to 28 U.S.C. § 1331, the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The Court therefore has subject matter jurisdiction over Ms. Ruiz-Paramo's claim under 28 U.S.C. § 1331 because the claim arises under federal law. Furthermore, 15 U.S.C. § 1693m(g) gives the Court original jurisdiction over civil actions brought under the CCARDA.

Ms. Ruiz-Paramo bears the burden of establishing personal jurisdiction. *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988). Ms. Ruiz-Paramo can satisfy her burden by making a *prima facie* showing. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). The Court will accept the well-pled allegations of the complaint as true in determining whether Ms. Ruiz-Paramo has made a *prima facie* showing that personal jurisdiction exists. *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008). If the presence or absence of personal jurisdiction can be established by reference to the complaint, the Court need not look further. *Id.* The plaintiff may also make this *prima facie* showing by putting forth evidence that, if proven to be true, would support jurisdiction over the defendant.

5

*Id.* Furthermore, proper service is a jurisdictional prerequisite to litigation. *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998) ("Effectuation of service is a precondition to suit."). Without proper service, the Court lacks personal jurisdiction over a defendant. *Okla. Radio Assocs. v. Fed. Deposit Ins. Corp.*, 969 F.2d 940, 943 (10th Cir. 1992).

Federal Rule of Civil Procedure 4(h) governs service on limited liability companies. *See Avus Designs, Inc. v. Grezxx, LLC*, 644 F. Supp. 3d 963, 973 (D. Wyo. 2022) ("The Court analyzes adequacy of service of process on an LLC in the context of Fed. R. Civ. P. 4(h), which establishes service of process for a corporation, partnership, or association."). Rule 4(h)(1)(B) provides that a plaintiff may serve process on an unincorporated association "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B); *see also Howarth v. TCER, LLC*, No. 20-cv-03230-PAB-KMT, 2021 WL 4775270, at *3 (D. Colo. Oct. 13, 2021). "The purpose of Rule 4(h) is to ensure that when a litigant serves process on a corporation, the process is delivered to a person of sufficient rank and control in the corporation such that the court can be reasonably assured that those corporate officials responsible for responding to the suit will actually be apprised of its pendency." *Howarth*, 2021 WL 4775270, at *3 (quoting *Inversora Murten SA v. Energoprojekt Holding Co.*, No. 06-cv-02312-MSK, 2009 WL 179463, at *4 (D. Colo. Jan. 22, 2009)).

In the alternative, a plaintiff may serve a company "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1) allows

6

service to be made "following state law" for either the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1). Because Ms. Ruiz-Paramo effectuated service in Florida, she may demonstrate that her service was proper under Colorado or Florida law. See Docket No. 6.

Under Colorado law, a plaintiff can effectuate service on a limited liability company by delivering a copy of the summons and complaint to "the registered agent for service as set forth in the most recently filed document in the records of the secretary of state of [Colorado] or of any other jurisdiction, or that agent's secretary or assistant." Colo. R. Civ. P. 4(e)(4); *see also Lodos v. Empire Towing Corp.*, No. 22-cv-01790-PAB-SBP, 2024 WL 98386, at *5 (D. Colo. Jan. 9, 2024). "A registered agent may be served in the same manner as a natural person, that is, 'at the person's usual workplace, with the person's secretary, administrative assistant, bookkeeper, or managing agent.'" *Barak v. Rooster's Guide & Outfitting Adventures*, No. 19-cv-03556-RM-GPG, 2020 WL 9424264, at *3 (D. Colo. Apr. 28, 2020) (quoting *Goodman v. Assocs., LLC v. WP Mountain Props., LLC*, 222 P.3d 310, 316 (Colo. 2010)). In *Goodman*, the Colorado Supreme Court explained that "the rule provides that service is sufficient if delivery is made to an assistant who performs clerical duties for the person to be served" and that "the rule ensures that service is made on an employee who reports to that person." *Goodman*, 222 P.3d at 317. "Beyond ascertaining that an employee falls within an appropriate category ('the person's secretary, administrative assistant, bookkeeper, or managing agent'), a process server is not required to determine that the individual will in fact give the papers to the named individual or agent." *Id.*

7

Under Florida law, a "domestic limited liability company . . . may be served with process required or authorized by law by service on its registered agent designated by the domestic limited liability company." Fla. Stat. Ann. § 48.062(2). However, Florida courts have held that service on an employee of a registered agent is not equivalent to service of process on the registered agent. *See Top Dollar Pawn Too, Inc. v. King*, 861 So. 2d 1264, 1266 (Fla. Dist. Ct. App. 2003) ("However, the verified return of service for Advance indicated that service was made on Sheila Goldman, an employee of the registered agent, Zimmerman." Section 48.081, which applies to service of corporations, "does not provide for service upon an employee or agent of the registered agent."); *Anthony v. Gary J. Rotella & Assocs., P.A.*, 906 So. 2d 1205, 1208 (Fla. Dist. Ct. App. 2005) ("service on the business manager does not satisfy the requirements for obtaining personal service on an individual pursuant to section 48.031, Florida Statutes (1991)" (quoting *Stoeffler v. Castagliola*, 629 So. 2d 196, 197 (Fla. Dist. Ct. App. 1993)); *York Commc'ns, Inc. v. Furst Grp., Inc.*, 724 So. 2d 678, 679 (Fla. Dist. Ct. App. 1999) ("Here, the process server's statement that service was made on John Doe corporate employee, without including a statement supporting the necessity for substituted service, is patently tainted. The process server alleged neither that he first attempted to serve the registered agent nor that the agent was absent."); *c.f. Ariza v. Chocomere LLC*, 2024 WL 1929507, at *1 n.2 (M.D. Fla. May 2, 2024) ("Florida Statute § 48.091(4) states that service of process on an employee of a registered agent that is not a natural person is acceptable.").

Ms. Ruiz-Paramo argues that service was proper because "AROMA360, LLC was served with a Summons and a copy of the Complaint pursuant to Fed. R. Civ. P. 4

8

by serving The Director of Compliance, Kathy Collester, for Eduardo Kotlyarov, Jr., Registered Agent on October 22, 2024, at 1:45 p.m. EDT through a process server." Docket No. 14 at 5.  Ms. Ruiz-Paramo cites the affidavit of the process server, Enil Cerrano, which states that the registered agent of Aroma360 is "Eduard Kotlyarov, Jr., Esq." and that service was made on "Kathy Collester as Director of Compliance for Eduard Kotlyarov, Jr."  Docket No. 6 (emphasis omitted).  Although Ms. Ruiz-Paramo relies exclusively on Mr. Cerrano's affidavit, records from the Florida Department of State Division of Corporations confirm that Mr. Kotlyarov is Aroma360's registered agent.  *See* Div. of Corps., Fla. Dep't of State, *Search Records: Corporations Limited Liability Companies, Limited Partnerships, and Trademarks*, https://dos.fl.gov/sunbiz/search/ (last visited May 5, 2025).

The Court finds that Mr. Cerrano's affidavit is insufficient to demonstrate that Ms. Ruiz-Paramo properly served Aroma360.  Ms. Ruiz-Paramo did not serve Mr. Kotlyarov, who is the registered agent for Aroma360.  *See* Docket No. 6.  Although the affidavit states that Ms. Collester is the director of compliance for Mr. Kotlyarov, the affidavit does not explain what her job duties are.  For instance, there is no indication that she reports to Mr. Kotlyarov or has any duties to report service of process attempts to Mr. Kotlyarov.  *Id.*

Because Ms. Collester is not identified as "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," Ms. Ruiz-Paramo's service of process does not comply with Rule 4(h)(1)(B).  Fed. R. Civ. P. 4(h)(1)(B).  Service was also insufficient under Rule 4(e), Florida law, and Colorado law.  First, Mr. Kotlyarov is an individual, and Ms. Ruiz-Paramo does not

9

suggest that she attempted to personally serve Mr. Kotlyarov. Therefore, serving Ms. Collester as an employee of Mr. Kotlyarov is inadequate service under Florida law. *See* Fla. Stat. Ann. § 48.062; *Top Dollar Pawn Too*, 861 So. 2d at 1266. Moreover, Ms. Ruiz-Paramo provides no support for the proposition that Ms. Collester performs clerical duties for Mr. Kotlyarov. As such, Ms. Ruiz-Paramo's service of process was ineffective under Colorado law. *Barak*, 2020 WL 9424264, at *3. Therefore, Ms. Ruiz-Paramo did not properly serve Aroma360 "following state law" for either the state where the Court is located or where service was made. Fed. R. Civ. P. 4(e)(1). Accordingly, Ms. Ruiz-Paramo has not made a prima facie showing that she properly served Aroma360 under Rule 4(h)(1)(A) or (h)(1)(B). *See* Fed. R. Civ. P. 4(h)(1). Because "proper service is a jurisdictional prerequisite to litigation," *Lodos v. Empire Towing Corp.*, No. 22-cv-01790-PAB-SBP, 2025 WL 580485, at *5 (D. Colo. Feb. 21, 2025), the Court will deny the motion for default judgment. *Commodities Future Trading Comm'n v. Wall St. Underground, Inc.*, 221 F.R.D. 554, 558 (D. Kan. 2004) ("if the first procedural step of establishing personal jurisdiction by properly serving a defendant has not been met, the court cannot enter a default order").

IV. **CONCLUSION**

Therefore, it is

**ORDERED** that Plaintiff Dania Ruiz-Paramo's Renewed Motion for Default Judgment Against Defendant [Docket No. 14] is **DENIED without prejudice**.

DATED March 27, 2025

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

11